# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| SUSAN COTTINGHAM, on behalf of her minor child, K.C., | \* \* \* | No. 15-1291 |
| Petitioner, | \* \* \* | Special Master Christian J. Moran |
| v. | \* \* | Filed: October 13, 2016 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | Gardasil vaccine; headaches; compensation. |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Susan Cottingham filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012), on October 30, 2015, on behalf of her minor child, K.C. Her petition alleged that K.C. had an adverse reaction, including headaches and near black-outs, resulting from receiving the Gardasil vaccination on July 5, 2012. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I.   Procedural History

An initial status conference was held on March 28, 2016.  During this conference, respondent raised the issue of reasonable basis.  Petitioner acknowledged this issue and requested the Rule 4 report deadline remain suspended while she attempted to review the case with an expert.

Petitioner subsequently filed two motions for extension of time for her status report, which were granted.  Upon missing the third deadline by almost two weeks, the undersigned filed an order on June 28, 2016, requesting petitioner show cause why her case should not be dismissed.  On August 26, 2016, petitioner responded, stating she was still attempting to locate a suitable expert.

On October 7, 2016, petitioner filed a motion for a decision dismissing her petition.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that K.C. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that K.C. suffered a "Table Injury."  Thus, Ms. Cottingham is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records do not support Ms. Cottingham's claim, a medical opinion must be offered in support.  Ms. Cottingham, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Ms. Cottingham has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

The status conference scheduled for October 21, 2016, is cancelled.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6353.

**IT IS SO ORDERED.**

<u>S/Christian J. Moran</u>
Christian J. Moran
Special Master